**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| **DANIEL C. CLARK,** | ) |
| Plaintiff, | ) Case No. EDCV 16-1418 AJW |
| v. | ) **MEMORANDUM OF DECISION** |
| **NANCY A. BERRYHILL,** Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

Plaintiff seeks reversal of the decision of the defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Background**

The parties are familiar with the procedural history of this case. [See JS 2]. Plaintiff alleged disability beginning February 1, 2012. His date last insured for social security disability insurance purposes was December 31, 2012. [JS 2]. In a written hearing decision that constitutes the final decision of the Commissioner, an administrative law judge ("ALJ") found plaintiff not disabled on the ground that he retained the residual functional capacity ("RFC") to perform his past relevant work as an appointment clerk and as an information clerk. [See JS 2; Administrative Record ("AR") 11-19].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (quoting Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

## Discussion

**Retrospective treating source opinion**

Plaintiff contends that the ALJ erroneously rejected the July 8, 2014 opinion of Julie Monroe, D.O. [See JS 3-8].

On July 8, 2014, Dr. Monroe, of Mountains Community Hospital Rural Clinic in Lake Arrowhead, California, completed a work-related physical functional assessment form indicating that plaintiff could perform less than the full range of sedentary work. Among other things, Dr. Monroe opined that plaintiff "needs crutches for ambulation" and would miss more than three days a month of work. [AR 475-477].

The ALJ found that plaintiff could perform a restricted range of light work, including requiring he use of crutches for walking distances of 30 feet or more. [AR 15]. The ALJ did not identify Dr. Monroe by name; however, the ALJ cited her functional assessment and gave her opinion "little weight" because it was dated after the relevant period and did not assess plaintiff's capabilities during the relevant period. [AR 18]. The ALJ must provide clear and convincing reasons, supported by substantial evidence in the record, for rejecting an uncontroverted treating source opinion. If contradicted by that of another doctor,

a treating or examining source opinion may be rejected for specific and legitimate reasons that are based on substantial evidence in the record. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148-1149 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995).

The ALJ articulated clear and convincing reasons for rejecting Dr. Monroe's controverted opinion. Standing alone, the mere fact that a medical opinion was rendered after expiration of a claimant's insured status does not render that opinion irrelevant. See Lester, 81 F.3d at 832; Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988). In this instance, however, the ALJ was justified in rejecting Dr. Monroe's opinion because she did not address plaintiff's functional capacity before his date last insured almost 18 months earlier. Dr. Monroe gave no indication that she treated or examined plaintiff before or even close in time to his date last insured, or that she had reviewed medical records from that period. Treatment notes from Mountains Community Hospital establish that Dr. Monroe first treated plaintiff on January 28, 2014, more than a year after his insured status expired. [See AR 479-481]. Moreover, where asked to identify the "medical findings" supporting her opinion, Dr. Monroe cited only plaintiff's "chronic knee [and] low back pain." [AR 476]. She did not identify any objective or clinical findings supporting the disabling functional limitations she assessed as of July 2014.[1] Accordingly, the ALJ did not err in rejecting her opinion when assessing plaintiff's condition prior to December 31, 2012.. See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (holding that the fact that a treating physician did not examine plaintiff until more than a year after expiration of her insured status, coupled with other contradictory evidence, fully supported the ALJ's rejection of the physician's "check-the-box form" stating that the claimant had been "continuously unable to work" since before her date last insured); see also Thomas, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

**Development of the record**

Plaintiff also contends that the ALJ erred in failing adequately to develop the record. More

---

[1] Plaintiff does not challenge the ALJ's negative credibility finding. See Burrell v. Colvin, 775 F.3 1133, 1141 (9th Cir. 2014) ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible.") (quoting Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008)).

specifically, plaintiff argues that the ALJ "could have contacted Dr. Monroe in order to obtain clarification of her opinion regarding plaintiff's condition during the relevant time period." [JS 4].  Plaintiff also contends that if the ALJ had called a medical expert to review the medical records in this case and testify as to plaintiff's impairments and functional limitations, the ALJ "may have come to a different conclusion . . . ." [JS 9].

The ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered," even where, as here, "the claimant is represented by counsel." Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003) (quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)); see Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).  A claimant, however, retains the burden of proving that he is disabled. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). The ALJ's "duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes, 276 F.3d at 459-460 (rejecting the argument that the ALJ breached his duty to develop the record as an impermissible attempt to shift the burden of proving disability away from the claimant).

Plaintiff's contentions lack merit.  Plaintiff has not shown that there was any need for "clarification" of Dr. Monroe's opinion.  The treatment notes in the record establish that Dr. Monroe did not examine or treat plaintiff until more than a year after plaintiff's disability insured status expired.  She did not render a retrospective opinion about his impairments, nor did she identify any findings in support of her July 2014 functional assessment other than plaintiff's properly discredited pain complaints.  No ambiguity existed that required the ALJ to contact her.

Similarly, plaintiff has not shown that the absence of medical expert testimony rendered the record ambiguous or inadequate.  The ALJ considered the treatment records, testimonial evidence, and the nonexamining state agency physicians' opinions pertaining to the relevant period. [See AR 13-18]. Plaintiff argues that the ALJ "may have come to a different conclusion" if he had  elicited medical expert testimony, but he has not pointed to any ambiguity or inadequacy in the record that demonstrates error by the ALJ in failing to exercise his discretion to call a medical expert. See 20 C.F.R. §§ 404.1527(f)(1)(iii), 416.927(f)(1)(iii) (stating that ALJs "*may also ask for and consider opinions from medical experts* on the nature and severity of your impairment(s) and on whether your impairment(s) equals the requirements of

any impairment listed in appendix 1 to this subpart") (italics added); Foster v. Colvin, 2013 WL 2456457, at *4 (E.D. Wash. June 6, 2013) ("Although it is within the ALJ's discretion to develop the record if he determines additional evidence (including medical expert testimony) is necessary to resolve a conflict or clear up ambiguity in the record, the decision to call a medical expert for additional evidence on the nature and severity of impairments is required only when in the opinion of the ALJ or the Appeals Council the symptoms, signs and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable.") (brackets and ellipsis omitted) (citing Mayes, 276 F.3d at 459-460; SSR 96-6p, 1996 WL 374180, at *4); Silva v. Colvin, 2015 WL 5675541, at *4-*5 (W.D. Wash. Aug. 31, 2015) (stating that "SSR 96–6p requires the ALJ to obtain updated medical expert opinion if, in the opinion of the [ALJ], additional medical evidence may change the state agency consultant's finding on equivalence," but that "the decision to seek additional medical expert testimony is left to the discretion of the ALJ," and holding that the record in that case "was not sufficiently ambiguous or incomplete to the point where the ALJ lacked sufficient evidence to render a decision") (internal quotation marks omitted), report and recommendation adopted, 2015 WL 5675768 (W.D. Wash. Sept. 25, 2015).

## Conclusion

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and reflects application of the proper legal standards. Accordingly, the Commissioner's decision is **affirmed.**
**IT IS SO ORDERED.**

March 30, 2017

_____
ANDREW J. WISTRICH
United States Magistrate Judge